IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE THE MATTER OF SEIZURE OF PROPERTY: ) )<br>)<br>PRESORT FIRST CLASS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>(1) UNITED STATE OF AMERICA; )<br>(2) U.S. DEPARTMENT OF HOMELAND )<br>SECURITY; )<br>(3) U.S. SECRET SERVICE; )<br>(4) TRACIE McMILLAN; and )<br>(5) LARRY McMILLAN, )<br>)<br>Defendants. ) | Case No. CIV-11-37-C |

MEMORANDUM OPINION AND ORDER

Plaintiff Presort First Class ("Presort") initiated this action to recover firearms seized by the Secret Service from a third party. Defendant United States filed the present Motion to Dismiss claiming that the Court lacks the required subject matter jurisdiction to hear the action. Specifically, Defendant argues that the United States is immune from suit and that Plaintiff lacks standing to bring this action.

I. BACKGROUND

Plaintiff was the victim of embezzlement perpetrated by Tracie McMillan, one of Plaintiff's employees who worked as an officer manager for several years. (See Information, United States v. McMillan, No. CR-10-283-C (W.D. Okla. Feb. 16, 2011), Dkt. No. 1.) During her employment with Plaintiff, Ms. McMillan wrote checks drawn from Plaintiff's

account for her personal use and forged bank documents to conceal her actions. (Id.) Ms. McMillan's embezzlement was subsequently discovered and investigated by the Secret Service. This agency seized the McMillans' property, including the firearms at issue, on September 9, 2009. (Pl.'s Br., Dkt. No. 12 Ex. 1.) Pursuant to this seizure, the McMillans signed a Waiver and Receipt for Property ("Waiver") which surrendered all interest in the enumerated seized property to the Government. (Id.) The Secret Service commenced administrative forfeiture proceedings for all property seized except the firearms, due to that agency's policy of not selling seized firearms or releasing firearms to crime victims as restitution. (Def.'s Br., Dkt. No. 9, at 2.)

On January 26, 2010, Plaintiff obtained a default judgment against the McMillans in state district court which awarded damages of $937,897.54, voided a fraudulent transfer of real property, and executed liens on the McMillans' real property. (Pl.'s Mot., Dkt. No. 1 Ex. 4.) On March 2, 2011, Mr. McMillan executed an Assignment of Assets in Plaintiff's favor purporting to assign to Plaintiff all of Mr. McMillan's rights in the personal property listed in the Waiver. (Pl.'s Br., Dkt. No. 12 Ex. 1.) Ms. McMillan ultimately pleaded guilty to mail fraud and false statements on a tax return and, on February 16, 2011, was sentenced by this Court to serve 33 months of incarceration and ordered to pay Plaintiff Presort $727,387 in restitution. (Judgment, United States v. McMillan, No. CR-10-283-C (W.D. Okla. Feb. 16, 2011), Dkt. No. 19).

## II. DISCUSSION

Plaintiff seeks recovery of property under Federal Rule of Criminal Procedure 41(g). This Rule governs the return of property seized during or in connection with criminal investigations and provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A district court retains jurisdiction over a Rule 41(g) claim even if the underlying criminal proceedings have terminated. United States v. Clark, 84 F.3d 378, 381 (10th Cir. 1996). The court should treat a post-trial Rule 41(g) motion as a civil complaint and construe it as an equitable civil proceeding. United States v. Clymore, 245 F.3d 1195, 1201 (10th Cir. 2001). A district court should exercise its equitable power to grant relief only if the Rule 41(g) movant shows irreparable harm and an inadequate remedy at law. United States v. Copeman, 458 F.3d 1070, 1071 (10th Cir. 2006).

> "Generally, a Rule 41[g] motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues. The burden shifts to the government when the criminal proceedings have terminated. At that point, <u>the person from whom the property was seized is presumed to have a right to its return</u>, and the government must demonstrate that it has a legitimate reason to retain the property. The government may meet this burden by demonstrating a cognizable claim of ownership or right to possession adverse to that of the movant."

Clymore, 245 F.3d at 1201 (emphasis added) (quoting United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999)). In a Rule 41(g) proceeding, lawful possession must be established by a preponderance of the evidence. See United States v. Maez, 915 F.2d 1466, 1468 (10th Cir. 1990).

Plaintiff Presort asserts that it is the rightful owner of firearms seized by the Secret Service from the McMillans on September 2, 2009. Plaintiff claims that an assignment executed on March 2, 2011, granted it this interest and that it is entitled to return of this property under Rule 41(g). Larry McMillan assigned to Plaintiff "all of Seller's right title and interest . . . in and to all that personal property listed on that Waiver and Receipt for Property attached as Exhibit '1' hereto . . . ." (Pl.'s Br., Dkt. No. 12 Ex. 1.) Exhibit 1 lists personal property seized from the McMillans by the Secret Service, including the firearms at issue.

On September 2, 2009, the McMillans waived their interest in the enumerated property, which was obtained with proceeds of illegal activities, to the Secret Service by executing a Waiver and Receipt for Property. Pursuant to this Waiver, the McMillans waived "all claim to this property[, including the firearms in question,] and surrender[ed] the below mentioned items to the United States Government for final disposition; which will result in the items being returned to their true owner, donated to a tax free organization, or reserved for Government use." (Id.) Additionally, the McMillans waived "all claim to any defense of forfeiture of this property."

In its Surreply, Plaintiff argues that this Waiver is invalid because it violated Mr. McMillan's due process rights. This argument is not persuasive. There is no indication that Mr. McMillan was pressured into signing the Waiver: Mr. McMillan signed the Waiver which states no coercion existed and that the signatories signed voluntarily. Accordingly, the Waiver is valid, and Mr. McMillan relinquished his property interest in the firearms on

September 2, 2009. Therefore, the purported assignment of interest Mr. McMillan executed in March 2011 assigned only that interest which Mr. McMillan then had: no interest. Accordingly, Plaintiff has no interest in the firearms and is not entitled to return of this property under Rule 41(g).

Plaintiff also lacks standing. Under Article III, federal courts only have jurisdiction to decide "Cases" and "Controversies." U.S. Const. art. III, § 2. An "essential and unchanging part of the case-or-controversy requirement" is standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). A party has standing to bring a claim in federal court if: (1) that party "suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical"'"; (2) that injury is "'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court'"; and (3) that injury is likely to be "redressed by a favorable decision." Id. at 560-61 (alterations in original) (citations omitted) (quoting Whitmore v. Arkansas, 495 U.S. 149, 155 (1990), and Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 41-42 (1976)).

Plaintiff argues that it satisfies the injury-in-fact requirement because the Secret Service and U.S. Government have been and currently are depriving it of its possessory rights to the firearms. However, because Plaintiff has no property interest in the firearms, it cannot be injured by the seizure and possession of this property by the Defendants.

Accordingly, Plaintiff has not met the constitutional minimal standing requirements to assert an action in federal court.[*]

For the above stated reasons, Plaintiff's Rule 41(g) Motion is DENIED (Dkt. No. 1), and Defendant's Motion to Dismiss (Dkt. No. 9) is HEREIN GRANTED.

IT IS SO ORDERED this 6th day of April, 2011.

ROBIN J. CAUTHRON
United States District Judge

---

[*] Because the Court finds that Plaintiff has no property interest in the firearms and, therefore, lacks the required injury in fact to establish this Court's subject matter jurisdiction, discussion of the parties' remaining arguments is unnecessary.